DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. The facts giving rise to this appeal are as follows.
On October 2, 1998, appellant, Joseph Lesko, entered guilty pleas to two counts of rape, violations of R.C. 2907.02 and felonies of first degree. He was sentenced to sixteen years in prison and found to be a sexual predator pursuant to R.C. 2950.09. On appeal, appellant only challenges his classification as a sexual predator setting forth the following assignments of error:
 I. AUTOMATIC CLASSIFICATION OF DEFENDANT AS A SEXUAL PREDATOR VIOLATED REQUIREMENTS OF R.C. SECTION 2950.09.
 II. THE STATE FAILED TO PRESENT CLEAR AND CONVINCING EVIDENCE TO SUPPORT A SEXUAL PREDATOR CLASSIFICATION.
 III. THE SEXUAL PREDATOR STATUTE VIOLATES DEFENDANT'S CONSTITUTIONAL RIGHTS SET FORTH IN SECTION 1, ARTICLE 1 OF THE OHIO CONSTITUTION.
Appellant's first and second assignments of error will be addressed together. "Sexual predator" is defined in R.C.2950.01(E) as: "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09 states in pertinent part:
 "(A) If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is a sexually violent offense and also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging the sexually violent offense, the conviction of or plea of guilty to the specification automatically classifies the offender as a sexual predator for purposes of this chapter.
"* * *
 "(B) (1) Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of this section for a sexually oriented offense that is not a sexually violent offense, or if a person is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is a sexually violent offense and a sexually violent predator specification was not included in the indictment, count in the indictment, or information charging the sexually violent offense, the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator.
 "(2) In making a determination under divisions (B) (1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"* * *
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct.
 "(3) After reviewing all testimony and evidence presented at the hearing conducted under division (B) (1) of this section and the factors specified in division (B) (2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. If the judge determines that the offender is not a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is not a sexual predator. If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section." (Emphasis ours.)
Appellant's indictment charged him with three counts of a sexually violent offense without specifications. Thus, the classification of appellant as a sexual predator should have proceeded in accordance with R.C. 2950.09(B). Appellant argues that the trial judge erroneously classified appellant as a sexual predator in accordance with 2950.09(A). In other words, the court automatically classified appellant as a sexual predator without considering the factors found in R.C. 2950.09(B) (2). A brief hearing was held before the court that classified appellant as a sexual predator. Appellant's counsel argued against the classification based on the results of appellant's evaluation by the Court Diagnostic and Treatment Center. In support of his position that appellant was not likely to reoffend, appellant's counsel noted that appellant had no prior record of sexually oriented offenses, that there was no evidence of alcohol or drug abuse in facilitation of the offense, that there was no evidence of cruelty on the part of appellant, and that there was an indication that appellant suffered from some mental illness.
The prosecutor presented no evidence to support appellant's classification. Rather, the prosecutor requested a continuance so she could interview the author of the Court Diagnostic report. In response, the trial judge stated:
 "My intention is to designate him as a sexual predator. Do you wish me to still continue it? Two counts of rape of a kid pretty much is a slam-dunk."
The prosecutor then withdrew her request for a continuance and the trial judge announced his ruling: "[T]hese types of charges, * * * I cannot and will not ever designate a defendant anything less than a sexual predator."
The trial judge in this case appears to be saying that based on the charges alone, he is classifying appellant as a sexual predator. Viewing the transcript in its entirety, it is tempting to agree with the state that the trial judge's comments were taken out of context. However, the judgment entry in this case specifically states "[T]he Court finds and determines that the Defendant is classified as a Sexual Predator pursuant to Revised Code 2950.09(A)." Based on the foregoing, we conclude that the trial judge incorrectly classified appellant as a sexual predator in accordance with R.C. 2950.09(A). Appellant's first and second assignments of error are found well-taken. Given our disposition of appellant's first two assignments of error, appellant's third assignment of error is rendered moot.
On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment in this case finding appellant to be a sexual predator is reversed. This case is hereby remanded to the trial court for proceedings not inconsistent with this decision. Costs of this appeal assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
MELVIN L. RESNICK, J.
 _______________________________ JUDGE
 JAMES R. SHERCK, J.
 _______________________________ JUDGE
 RICHARD W. KNEPPER, P.J.
 _______________________________ JUDGE
CONCUR.